UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL MATSUNO,

Plaintiff,

v.

HOFFMAN-LA ROCHE, INC., et al.,

Defendants.

Case No. 19-cv-01333-JD

**ORDER RE REMAND**

Re: Dkt. No. 26

Plaintiff Michael Matsuno is a resident of Los Angeles, California, and a veteran of service in Somalia with the United States military. In the course of his deployment, the military required him to take Lariam, a drug manufactured and marketed by defendants for the prevention of malaria. Matsuno contends that Lariam proved to be a toxic formulation associated with severe psychiatric and neurological outcomes, including suicide, delusions and fits of rage.

Matsuno filed a complaint in California state court alleging claims under California law against defendants. Defendants removed the case to this Court on a claim of diversity jurisdiction under 28 U.S.C. Section 1441. Dkt. No. 1. Matsuno asks for a remand to state court for lack of complete diversity. Dkt. No. 26. The Court concludes that the case was removed improvidently and without jurisdiction, and remands it to the San Mateo County Superior Court pursuant to 28 U.S.C. Section 1447(c).

**DISCUSSION**

Diversity jurisdiction arises when a plaintiff sues a citizen of a different state over an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). An out-of-state defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Id.* § 1441(a). A plaintiff may move to remand the action to state court if the case was improperly removed because of a lack of subject matter

jurisdiction. *Id.* § 1447(c).

There is a strong presumption against removal, and the removal statute is strictly construed against finding federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Principles of federalism, comity, and respect for the state courts also counsel strongly in favor of scrupulously confining removal jurisdiction to the precise limits that Congress has defined. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). The defendant always "bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). Any doubt about removal weighs in favor of remand. *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014).

The dispositive question for the remand motion is whether any of the properly joined defendants is a California citizen. The parties do not dispute that the amount in controversy exceeds the statutory threshold, or that Matsuno resides in Los Angeles and is a California citizen for diversity purposes. Consequently, if one of the properly joined defendants are citizens of California, complete diversity is lacking and the case must be remanded for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

For diversity and removal purposes, a corporation is a citizen of each State where it is incorporated as well as the State in which it has its principal place of business. 28 U.S.C. § 1332(c). As alleged in the complaint, defendant F. Hoffman-La Roche Ltd. ("FHLR") is a Swiss corporation that manufactured Lariam. Defendant Hoffmann-La Roche Inc. ("HLR") is an affiliated New Jersey corporation that was responsible for labeling and packing Lariam in the United States. Defendant Roche Laboratories Inc. is another affiliated Delaware corporation that marketed and sold Lariam to the Department of Defense. Dkt. No. 1-3 ¶¶ 17-18, 47-48. The complaint also names as defendants Genentech Inc. and Genentech USA, Inc., which were acquired by Roche Holdings, Inc. in 2009. *Id.* ¶ 19. The Genentech entities are incorporated in Delaware but maintain their principal place of business in South San Francisco, California. *Id.* ¶¶ 19-20.

1    The main jurisdictional dispute is over the citizenship of defendants HLR and Roche Laboratories. Matsuno alleges that HLR and Roche Laboratories maintain their principal place of business in South San Francisco, California, and so should be deemed citizens of the state. Defendants say that these entities are headquartered in Little Falls, New Jersey.

Defendants have not carried their burden of establishing that HLR and Roche Laboratories have a principal place of business outside California. A corporation's principal place of business is its "nerve center," or "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The nerve center is more than just "where the corporation holds its board meetings (for example, attend by directors and officers who have traveled there for the occasion)" or "the mere filing of a form like the Securities and Exchange Commission's Form 10-K." *Id.* at 93, 97.

Matsuno has proffered substantial evidence establishing that HLR's "nerve center" was relocated to South San Francisco following Roche Holding Inc.'s acquisition of Genentech. This includes a number of external press releases and articles discussing Roche's relocation of its commercial headquarters to South San Francisco. *See* Dkt. No. 26-3 ("Roche is moving Jersey headquarters to Calif."); Dkt. No. 26-8 ("The Genentech site in California . . . also serves as the headquarters of Roche Commercial Operations for North America."); Dkt. No. 26-14 ("South San Francisco site to become headquarters of combined U.S. commercial operations."); Dkt. No. 26-22 at 3 ("George Abercrombie, CEO and President of Hoffman-La Roche Inc. . . . will assist . . . with the transition of the US Commercial Headquarters from Nutley[, New Jersey] to South San Francisco."). Internal reports and SEC filings also emphasize Roche's headquarter relocation, including a 2008 press release filed with the SEC in which HLR stated that "[w]e will base the headquarters for the combined Genentech and Roche US pharma business at the Genentech South San Francisco campus." Dkt. No. 26-11 at 4; *see also* Dkt. No. 26-4 ("We remain committed to . . . locating the combined company's U.S. headquarters at Genentech's current facility in South San Francisco."). Other articles emphasize that Genetech's Little Falls campus will house "satellite" offices, including "corporate support employees such as lawyers and procurement executives." Dkt. No. 26-6. Additional documents show that HLR and Roche Laboratories' CEO,

3

1   Sean A. Johnston, maintains his primary business address in South San Francisco. Dkt. Nos. 26-
2   25, 26-26.

3         HLR and Roche Labs do not meaningfully dispute this evidence. HLR puts substantial stock on a declaration by Gerald Bohm, HLR's Assistant Secretary, for the proposition that HLR's primary activities and decisions were "made out of Little Falls, New Jersey." Dkt. No. 28-7 ¶ 11. The problem with the Bohm declaration is that it is wholly conclusory and fails to provide facts that might establish that HLR's principal place of business is in Little Falls. For example, Bohm states that HLR's "primary business activity is the licensing of its U.S. patents," which is "directed from New Jersey." *Id.* ¶ 6. But Bohm does not provide any information to back that up, or otherwise address the evidence tendered by Matsuno. And while it may be true that HLR's annual board of directors meeting takes place "by unanimous written consent, which are prepared in Little Falls," and that "the corporate minutes books" are "housed in Little Falls," *id.* ¶¶ 13-14, the Supreme Court has held that a nerve center is "not simply an office where the corporation holds its board meetings," *Hertz*, 559 U.S. at 93, let alone where such meeting agendas and minutes are "prepared" or "housed."

      It is also worth noting that Bohm is far from clear about the manner in which the board of directors and HLR's officers manage and direct the corporation. He says only, again in conclusory fashion, that five of HLR's "acting officers sit and perform their job functions from Little Falls." Dkt. No. 28-7 ¶ 16. Bohm also does not dispute that HLR's CEO Johnston is based in South San Francisco, and offers only the tangential comment that Johnston "holds director and/or officer positions for other entities as well," including on Genentech, Inc.'s board of directors. *Id.* ¶ 18.

      This is not the first time that the California citizenship of HLR and Roche Laboratories has been found. Two prior cases in this district had no trouble in concluding on similar records that HLR "failed to rebut evidence presented by Plaintiffs indicating that HLR's 'nerve center' is located in California rather than New Jersey." *Sheets v. F. Hoffmann-La Roche Ltd.*, No. 18-CV-04565-JST, 2018 WL 6428460 at *2 (N.D. Cal. Dec. 7, 2018); *see also Pool v. F. Hoffman-La Roche, Ltd.*, 386 F. Supp. 3d 1202, 1221 (N.D. Cal. 2019). Defendants have not adduced a good

4

reason for a different outcome here.

Consequently, the record shows that two defendants are citizens of California and complete diversity is lacking. The Court does not need to consider defendants' other arguments, such as whether the Genentech defendants were fraudulently joined. Defendants make a final effort to contest remand by suggesting, in a cursory fashion, that their citizenship can be ignored because they filed for removal before being served with the complaint. Dkt. No. 28 at 13. But our circuit has held that "the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969); *see also Lopez v. General Motors Corp.*, 697 F.2d 1328, 1331 (9th Cir. 1983).

## CONCLUSION

This case was removed improvidently and without jurisdiction, and is remanded to the San Mateo County Superior Court pursuant to 28 U.S.C. Section 1447(c). The Court declines to tax costs and fees against defendants.

**IT IS SO ORDERED.**

Dated: October 10, 2019

JAMES DONATO
United States District Judge